UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CREIGHTON ET AL.                              CIVIL ACTION

VERSUS                                        NO: 07-7194

FLEETWOOD ENTERPRISES, INC.                   SECTION: "R"(3)
ET AL.

**ORDER AND REASONS**

Defendant Fleetwood Enterprises, Inc. moves to dismiss plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

**I.   BACKGROUND**

Letonya Creighton and her son, Deshawn Creighton, sued ten defendants in state court seeking damages for the injuries Deshawn Creighton sustained when their FEMA trailer exploded. The complaint alleges that "upon information and belief, Defendant, FLEETWOOD ENTERPRISES, INC., and/or Defendant, FOREST RIVER, INC., manufactured the TRAILER and/or all other component parts thereof." (Compl. ¶ 5.) Plaintiffs allege that Fleetwood

and/or Forest River are liable because the injuries "resulted from the gross, wanton, and concurrent negligence, products liability, etc. ..., of Defendants." (*Id.* ¶ 9.)  The complaint further alleges that the trailer manufactured by Fleetwood and/or Forest River was defective when defendant placed it in the stream of commerce. (*Id.*)  On October 23, 2007, one of the defendants, Whirlpool Corporation, removed the case to federal court. (R. Doc. 1.)  On December 17, 2007, plaintiff voluntarily dismissed Forest River from this action. (R. Doc. 21.)

Fleetwood now moves to dismiss the complaint pursuant to Rule 12(b)(1), or alternatively 12(b)(6) of the Federal Rules of Civil Procedure.  Fleetwood contends that plaintiffs have not alleged that Deshawn Creighton was injured by a product manufactured by Fleetwood, and therefore there is no jurisdictional basis for the claims.  Fleetwood further contends that plaintiff's negligence claims must be dismissed, as the only recourse against a manufacturer for damages caused by an allegedly defective product is the Louisiana Products Liability Act.  The Court addresses these arguments as follows.

**II.  ANALYSIS**

    **A.  Motion to Dismiss under Rule 12(b)(1)**

Under Rule 12(b)(1), "[a] case is properly dismissed for

lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A district court may dismiss a case for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Defendant here contends that plaintiffs do not have standing to sue and that their claims are not ripe for judicial determination because plaintiffs fail to allege a causal connection between Deshawn Creighton's injuries and a product manufactured by Fleetwood. Defendant offers no evidence by affidavit or otherwise to support that it did not manufacture the trailer occupied by the plaintiffs. In the absence of such evidence, the Court treats defendant's motion as a "facial attack" on the complaint and review is "limited to whether the complaint is sufficient to allege the jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Accordingly, the

Court takes all of plaintiffs' allegations set forth in the complaint as true. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Fleetwood points to *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805 (W.D. La. 2003), as support for its motion to dismiss. In *Matte*, the court found that the plaintiffs did not have standing to assert any claim against Fleetwood because they did not "allege any specific injury resulting from a Fleetwood home ... allege that they purchased a Fleetwood home or that they owned, rented, occupied, or resided in a Fleetwood home." *Id.* at 814. Here, because plaintiffs allege that a trailer manufactured by Fleetwood[1] exploded, causing Deshawn Creighton's "severe and disabling injuries," the Court cannot conclude at this stage that plaintiffs do not have standing to sue Fleetwood. (Compl. ¶¶ 4-5.) Thus, jurisdiction is not lacking under Rule 12(b)(1).

**B.    Motion to Dismiss Under Rule 12(b)(6)**

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

---

[1] Plaintiffs dismissed their claims against Forest River. Even if plaintiffs had not dismissed their claims against Forest River, however, the Federal Rules permit plaintiffs to plead in the alternative. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternately or hypothetically.").

*Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations and quotation marks omitted).

Arguing under Rule 12(b)(6), defendant first challenges the factual allegations contained in plaintiffs' complaint rather than the legal sufficiency of those claims. Defendant once again contends that plaintiffs fail to allege that Deshawn Creighton's injuries occurred due to some alleged defect in a Fleetwood product. Reading the complaint as a whole, plaintiffs allege that Fleetwood manufactured the trailer that exploded, that it was defective and that it caused the complained of injuries. (Compl. ¶¶ 4-5, 9.) Because on a Rule 12(b)(6) motion the Court accepts the facts pleaded in plaintiffs' complaint as true, the Court denies defendant's motion to dismiss on this basis.

Fleetwood also moves to dismiss plaintiffs' negligence claims. The Louisiana Products Liability Act (LPLA), La. Rev. Stat. Ann. § 9:2800.52, *et seq.* governs this action. The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." *Id*. §9:2800.52; *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir. 1995). A plaintiff may not recover from a manufacturer

5

for damage caused by a product on the basis of any theory of liability not set forth in the LPLA. La. Rev. Stat. Ann. § 9:2800.52.  The LPLA provides that a manufacturer of a product is liable to a claimant for damage "proximately caused" by a characteristic of the product that rendered it "unreasonably dangerous" when the damage arose from a reasonably anticipated use of the product by the "claimant or another person or entity." Id. § 9:2800.54(A).  A claimant may prove that the product was "unreasonably dangerous" only under one of the following four theories: (1) that it was unreasonably dangerous in construction or composition; (2) that it was unreasonably dangerous in design; (3) that it was unreasonably dangerous because of inadequate warning; or (4) that it was unreasonably dangerous because of nonconformity to an express warranty. Id. at § 2800.54(B).  Thus, the elements of a products liability cause of action under the LPLA are proof of the following:

   1. that the defendant is a manufacturer of the product;
   2. that the claimant's damage was proximately caused by a characteristic of the product;
   3. that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and
   4. that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

Id. § 2800.54.  While the statutory ways of establishing that a

product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an *independent* theory of recovery against a manufacturer. *See, e.g., Automatique New Orleans, Inc. v. U-Select-It, Inc.*, 1995 WL 491151 at *3 n.2 (E.D. La. 1995) (finding no independent negligence claim). Although plaintiffs' factual allegations are germane to their products liability claim to the extent they allege that Fleetwood negligently manufactured the trailer, placed its defective product into the stream of commerce, and failed to provide adequate warnings to the trailer's occupants, they do not state independent claims for negligence. To the extent plaintiffs assert negligence as an independent ground for relief, their negligence claim is dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Fleetwood's motion to dismiss plaintiffs' claims.

New Orleans, Louisiana, this  11th  day of April, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT