# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| LETONYA CREIGHTON, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-7194 |
| FLEETWOOD ENTERPRISES, INC., ET AL | SECTION "R" (3) |

## ORDER DENYING MOTION TO AMEND

The matter of Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint (Doc. # 91) came on for hearing before the undersigned Magistrate Judge with counsel for plaintiffs and defendant, Whirlpool Corporation, present. The matter was taken under submission. For the following reasons, plaintiffs' motion for leave to amend is denied without prejudice to their right to reurge same at a later time should circumstances warrant.

## BACKGROUND

On October 23, 2007, the Creightons filed the instant catastrophic injury case allegedly resulting from an explosion in a FEMA trailer. Plaintiff, Letonya Creighton, filed suit individually and on behalf of her minor son (Deshawn Creighton) claiming injuries from a trailer fire and naming (10) defendants. They include Fleetwood Enterprises, Inc. and Whirlpool Corporation, which companies allegedly manufactured the trailer and the stove, respectively. On February 25, 2008, plaintiff amended her petition to substitute her son, Deshawn Creighton, as he had reached the age of majority.

On February 23, 2009, plaintiff timely filed the instant motion to amend pursuant to FRCP Rule 15. The subject proposed amended and supplemented complaint removes the names of five (5) defendants previously dismissed by the Court and seeks to add Maytag Corporation, alleging that it may have also designed and manufactured the stove. Plaintiff further seeks to add loss of consortium and mental anguish claims of five previously unnamed plaintiffs.

On March 16, 2009, a Notice of Bankruptcy Filing and Stay of Proceedings (Doc. #98) was filed in the captioned matter indicating that voluntary petitions under Chapter 11 were filed by Fleetwood Enterprises, Inc. in the United States Bankruptcy Court for the Central District of California.

**DISCUSSION**

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1) (emphasis added). Numerous courts have found that actions against solvent co-defendants generally are not stayed by an insolvent co-defendants's filing of bankruptcy. *See In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir.1987) (citing *GATX Aircraft Corp. v. M/V COURTNEY LEIGH*, 768 F.2d 711, 716 (5th Cir.1984).

In *S.I. Acquisition*, the Fifth Circuit recognized that other courts have found that in "very limited situations" a § 362(a)(1) stay may apply to actions against nonbankrupt defendants. *See In Re S.I. Acquisition*, 817 F.2d at 1147. Those courts found that the automatic stay may protect a co-defendant if extension of the stay contributes to the debtor's efforts at rehabilitation *or* the debtor and the nonbankrupt are closely related. *See id*. The court further explained that these courts extended the stay to nondefendants under § 362(a)(1) when the debtor and the nonbankrupt party could be considered as one entity or as having unitary interests. *See id.* at 1148. In *S.I. Acquisition,* the court did not stay claims against non-debtors under § 362(a)(1), but did so under § 362(a)(3).

At this stage of the proceedings, the plaintiffs' motion to amend must be denied. Albeit filed prior to the notice of automatic stay, Fleetwood has since filed petitions under 11 U.S. C. §§ 101-1330 (the Bankruptcy Code). As result of section 362(a) of the Bankruptcy Code, any act that would affect the property of the estate of the debtor (Fleetwood) *is stayed*. The

injunction is effective until the bankruptcy cases are dismissed or closed and applies to judicial actions that were commenced or could have been commenced before Fleetwood filed Chapter 11.

Inasmuch as the proposed amended complaint seeks to add five new plaintiffs as against the debtor (Fleetwood), granting plaintiffs' motion would constitute a violation of the automatic stay. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint (Doc. #91) is DENIED, without prejudice to any right they may have to reurge same at a later date should circumstances warrant.

New Orleans, Louisiana, this <u>1st</u> day of May, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**